IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jennifer Hart, on behalf of herself and all others similarly situated, | Civil Action No. 2:17-cv-227-PMD |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(FLSA Collective Action/Class Action under the S.C. Payment of Wages Act)** |
| Barbeque Integrated, Inc. d/b/a Smokey Bones, | |
| | **Jury Trial Requested** |
| Defendant. | |

Plaintiff Jennifer Hart, individually and on behalf of all other similarly situated individuals, by way of her Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover minimum wages, unlawful deductions, and other wages for Plaintiff and her similarly situated co-workers – servers, bartenders, and other "tipped workers" – who work or have worked at Smokey Bones restaurants owned and/or operated by Defendant.

2. Plaintiff brings this action on behalf of herself and similarly situated current and former employees who elect to opt in to this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

3.     Plaintiff also brings this action on behalf of herself and similarly situated current and former tipped workers in South Carolina pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq*. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES, JURISDICTION, AND VENUE

4.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

5.     Plaintiff Jennifer Hart ("Hart") is a citizen and resident of Louisiana.

6.     Defendant Barbeque Integrated, Inc. d/b/a Smokey Bones ("Smokey Bones") is a corporation organized and existing pursuant to the laws of the State of Delaware, and has conducted business in the State of South Carolina, Virginia, and other states. Smokey Bones regularly conducts business in this judicial district as a food and beverage operation.

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

8.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent and supplemental claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

11. Plaintiff brings the First Cause of Action, the FLSA claim, individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals employed by Defendant at any time within three (3) years prior to joining this lawsuit, who were nonexempt tipped employees paid an hourly rate less than the minimum wage of Seven and 25/100 ($7.25) Dollars per hour (the "FLSA Collective Members").

12. At all relevant times, Plaintiff and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff and others similarly situated at the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of forty hours per workweek, and requiring tipped workers to engage in non-tipped duties. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

13. Defendant's unlawful conduct, as described herein, is pursuant to a corporate policy or practice of (1) utilizing tipped employees to perform improper types, or excessive amounts, of non-tipped duties, (2) failing to informed tipped employees of Section 3(m) of the FLSA, and (3) requiring tipped employees to reimburse Defendant from their tips for customer walkouts.

14. Defendant is aware or should have been aware that federal law required it to pay tipped employees minimum wage for all of the hours they work when Defendant required them to perform improper types, or excessive amounts, of non-tipped work, failed to inform tipped employees of Section 3(m) of the FLSA, and required them to reimburse Defendant from their tips for customer walkouts.

15. Defendant's unlawful conduct has been widespread, repeated, and consistent.

16.     The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).

## SOUTH CAROLINA CLASS ACTION ALLEGATIONS

17.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

18.     Plaintiff brings the Second Cause of Action, the South Carolina Payment of Wage Act ("SCPWA") claims, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated current and former tipped workers employed at Smokey Bones in South Carolina owned and/or operated by any of the Defendant herein at any time within three (3) years prior to the commencement of this lawsuit, who received wages as a form of compensation and who were required to pay any portion of their compensation to the owners, managers, employees, or agents of Defendant or had any compensation deducted without written or legal authorization ("SC Rule 23 Class").

19.     Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

   a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable, and the disposition of their claims as a class will benefit the parties and the Court;

   b. There are questions of law and/or facts common to the members of the proposed Plaintiff class;

   c. The claims of Plaintiff, the representative of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

   d. Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

20.     In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b) Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual SC Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual SC Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual SC Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual SC Rule 23 Class Members, establishing incompatible standards of conduct for Defendant and resulting in impairment of the SC Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means

of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Upon information and belief, Defendant and other employers throughout the State of South Carolina violate the SCPWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

24. Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

25. Defendant has maintained control, oversight, and direction of Plaintiff and other similarly situated employees, including the ability to hire, fire, and discipline them.

### Defendant's Use of the "Tip Credit"

26. Defendant paid Plaintiff, and all other similarly situated employees, less than the statutory minimum wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m). Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with the strict requirements of the "tip credit" provisions.

27. Under the "tip credit" provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. However, an employer is not permitted to take a

tip credit against its minimum wage obligations in either of the following circumstances: (1) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employee's tipped occupation; or (2) when it requires its tipped employees to perform non-tipped work that, although *related* to the employee's tipped occupation, exceeds twenty percent (20%) of the employee's time worked during a shift. *See, e.g., Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are *unrelated* to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added); *Fast v. Appelebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing *related* but nontipped duties should be paid at the full minimum wage for that time"); *Irvine v. Destination Wild Dunes Mgmt.*, 2015 U.S. Dist. LEXIS 69517, *13 (D.S.C. May 26, 2015) ("The twenty percent rule provides sufficient guidance to support a facially plausible claim.").

28. At all times relevant, Defendant has paid Plaintiff and others similarly situated to her at a "tipped" minimum wage rate – less than the full minimum wage for non-tipped workers.

29. Defendant, however, has not satisfied the strict requirements under the FLSA that would allow it to pay this reduced minimum wage (take a "tip credit").

30. For example, Defendant was not eligible to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. 201 *et seq.*, because Defendant failed to inform Plaintiff and others similarly situated of the provisions of subsection 203(m) of the FLSA.

31. Further, while the FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "tip credit" and pay less than the statutory minimum wage to tipped

employees, this exception is only allowed under the condition that, with the exception of tips contributed to a valid tip pool, employers taking the "tip credit" permit employees to retain all tips received by the employee.

32. When the employer makes deductions from an employee's tips or does not allow an employee to retain all tips received by the employee, the employer has violated the "tip credit" and can no longer enjoy the benefits of the "tip credit" provision, 29 U.S.C. § 203(m). As set forth herein, Defendant did not allow tipped workers to retain all of the tips that they earned and instead required tipped workers to remit portions of their earned tips to Defendant for customer walk-outs.

33. Additionally, Defendant maintains a uniform policy and practice whereby tipped workers are required to spend a substantial amount of time performing non-tip producing work including, but not limited to, general cleaning of the restaurant, rinsing, washing, and rolling silverware, and making sauces and refilling condiments.

34. Defendant requires tipped workers to perform non-tipped work at the start and end of every shift.

35. Defendant requires tipped workers to perform non-tipped work before the restaurant is open or after the restaurant has closed and customers have left.

36. For instance, Defendant typically requires tipped workers to arrive at least an hour prior to serving their first customer and to stay at work approximately one and a half to two or more hours after serving their last customer.

37. During these periods, Defendant requires tipped workers to perform non-tipped work.

38. Defendant also requires tipped workers to perform non-tipped work during restaurant business hours and throughout their shifts.

39.     The duties that Defendant require tipped workers to perform are duties that are customarily assigned to "back-of-the-house" employees in other restaurants, who typically receive at least the full minimum wage rate.

40.     Plaintiff and other similarly situated tipped employees were required to perform non-tipped work, such as cleaning, maintenance, and preparatory work, in excess of twenty percent (20%) of their time at work.  Defendant violated the FLSA by requiring tipped employees to perform non-tipped duties for periods in excess of twenty percent (20%) of their time at work, and therefore violated the FLSA, 29 U.S.C. § 203(m).

41.     Plaintiff and other tipped employees similarly situated to her were also required to perform non-tipped work that was unrelated to their tip-producing work.  Defendant violated the FLSA by requiring tipped employees to perform these non-tipped and unrelated duties and by not paying those employees full minimum wage for performing such duties.

42.     Examples of non-tipped work which Plaintiff and others similarly situated were required to perform at the reduced tip credit rate include, but are not limited to, (1) sweeping floors; (2) taking out trash and cleaning trash receptacle areas; (3) restocking to-go boxes and other items; (4) filling bottles and pans with dressings and labeling them; (5) cleaning tables, chairs, and booths; (6) cleaning baseboards and lamps; (7) scrubbing walls and drains; (8) making sauces following restaurant recipes; (9) cleaning out the keg room; (10) cleaning and restocking caddies; (11) rinsing dirty silverware and running it through the dishwasher; (12) polishing and rolling silverware; (13) removing and replacing rechargeable batteries from tabletop customer computers; (14) prepping and garnishing food and desserts before serving to customers; (15) deep cleaning light fixtures, booths, and woodwork with Murphy's Oil; (16) restocking mini

fridges with sour cream, cheese, dressing, etc.; (17) scrubbing floors in restaurant with a deck brush; and (18) breaking down and cleaning the tea/coffee and soda stations.

43.     The non-tipped work described above is not specific to particular customers, tables or sections, but is performed in mass quantities for the entire shift or for future shifts.

44.     The non-tipped work which Plaintiff and others similarly situated were required to perform exceeded twenty percent (20%) of their time at work.

45.     Additionally, Plaintiff and others similarly situated were required to conduct non-tipped work for approximately one or more hours before serving their first customer and one and a half to two or more hours after each shift at a rate of pay that was less than the statutory minimum wage.

46.     Defendant's timekeeping system is capable of tracking multiple job codes for different work assignments.

47.     As a result, Plaintiff and others similarly situated were entitled to at least the applicable minimum wage for all such time worked, without applying a tip credit. Furthermore, Plaintiff and others similarly situated who worked in excess of forty (40) hours per week are entitled to receive overtime compensation, without applying a tip credit because Defendant required Plaintiff and others similarly situated to perform related non-tipped work in excess of twenty percent (20%) of their time at work, in addition to non-tipped work that was unrelated and not incidental to the duties of their tipped occupation.

**Unlawful Deductions for Customer Walkouts**

48.     Further, under the FLSA, an employer may not take a tip credit against an employee's minimum wages unless the employee retains all of his or her tips, except for a lawful tip pool, pursuant to 29 U.S.C. § 203(m).

49. As a result, an employer forfeits its right to take a tip credit and must pay full minimum wage if it requires employees to reimburse for customer walkouts.

50. Defendant regularly required Plaintiff and others similarly situated to reimburse it from their tips for reasons including, but not limited to, customers walking out without paying their bill.

**Defendant's Uniform Policies and Practices**

51. At all relevant times, Defendant has maintained control, oversight, and direction over Plaintiff and others similarly situated, including timekeeping, payroll, and other employment practices.

52. Defendant applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, tips, and the making of unlawful deductions.

53. At all times relevant, Defendant has treated Plaintiff and all tipped workers employed by Defendant at their Smokey Bones restaurants in a substantially similar manner.

54. Although at this stage Plaintiff and others similarly situated are unable to state the exact amount owed to them, Plaintiff believes that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

55. The time and pay records of Plaintiff and those similarly situated are in the possession, custody, and/or control of Defendant, and Defendant is under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the Defendant's

liability can be ascertained. Plaintiff therefore requests an order from this Court requiring Defendant to preserve such records during the pendency of this action.

## PLAINTIFF'S FACTUAL ALLEGATIONS

56. Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

57. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff Hart, individually, as follows:

58. Plaintiff Hart was employed by Defendant as a server, a non-exempt employee, at the Smokey Bones restaurant in North Charleston from on or about June 2014 to on or about September 2015.

59. In late 2014, Plaintiff was employed as a certified trainer at a Smokey Bones location in Chicago, Illinois, during which time she was responsible for training other tipped employees.

60. Defendant did not pay Hart the proper minimum wages or overtime wages and made unauthorized and illegal deductions from her pay.

61. Defendant paid Hart at the tipped minimum wage rate in the amount of Two and 13/100 Dollars ($2.13) per hour – less than the regular federal minimum wage of Seven and 25/100 Dollars ($7.25) per hour.

62. Defendant did not provide Hart with notification of the tipped minimum wage or tip credit provisions of the FLSA, or their intent to apply a tip credit to her wages.

63. Defendant required Hart to spend a significant portion of her shift performing non-tipped work including, but not limited to, those specific duties identified above.

64. Although Hart should have been paid the full minimum wage, Defendant paid her an hourly rate that fell below the minimum wage.

65. Defendant regularly required Hart to remit portions of her earned tips for reasons including, but not limited to, customer walkouts. For instance, managers required Hart to remit a portion of her earned tips in the event that a customer walked out without paying his or her bill and managers threatened to terminate her if she refused to remit her earned tips to them.

66. Defendant did not provide advance written notice of any of the aforementioned deductions to Hart.

67. Defendant did not keep accurate records of wages or tips earned, or of hours worked by Hart.

### FIRST CAUSE OF ACTION
### Violation of Fair Labor Standards Act 29 U.S.C. § 203(m), 206
### (Violation of Tip Credit/Failure to Pay Proper Minimum Wage)
### (Brought on behalf of Plaintiff and the FLSA Collective)

68. Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

69. As set forth above, Plaintiff, and all other similarly situated employees, were employed by Defendant.

70. At all times pertinent hereto, Defendant engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

71. At all times pertinent hereto, Defendant's annual gross volume of sales made or business done was not less than Five Hundred Thousand and 0/100 ($500,000.00) Dollars. Alternatively, Plaintiff, and all other similarly situated employees, worked in interstate commerce so as to fall within the protection of the FLSA.

72. The business of Defendant was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendant are subject to, and covered by, the FLSA.

73. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 ($7.25) Dollars an hour.

74. Defendant failed to pay Plaintiff and others similarly situated the minimum wages to which they are entitled under the FLSA.

75. Defendant was not eligible to avail itself of the federal tipped minimum wage rate under the FLSA, 29 §§ 201 *et seq.*, because Defendant failed to inform Plaintiff and others similarly situated of the provisions of subsection 203(m) of the FLSA.

76. Further, while the FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "tip credit" and pay less than the statutory minimum wage to tipped employees, this exception is only allowed under the condition that, with the exception of tips contributed to a valid tip pool, employers taking the "tip credit" permit employees to retain all tips received by the employee.

77. When the employer makes deductions from an employee's tips or does not allow an employee to retain all tips received by the employee, the employer has violated the "tip credit" and can no longer enjoy the benefits of the "tip credit" provision, 29 U.S.C. § 203(m).

78. Defendant, however, did not allow Plaintiff and others similarly situated to retain all of the tips that they earned and instead required Plaintiff and others similarly situated to remit portions of their earned tips to Defendant for customer walk-outs.

79. Defendant also required Plaintiff and others similarly situated to perform a substantial amount of non-tipped work in excess of twenty percent of their work time.

80. In addition to their tipped work, Plaintiff and other similarly situated employees were required by the Defendant to perform non-tipped work that was unrelated and not incidental to the duties of their tipped occupation.

81. During these periods, Defendant compensated Plaintiff and others similarly situated at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq*.

82. Defendant's unlawful conduct, as described herein, has been willful and intentional. Defendant was aware or should have been aware that the practices described herein were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiff and others similarly situated.

83. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

84. As a result of Defendant's willful violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Violation of South Carolina Payment of Wages Act S.C. Code § 41-10-10, et. al.**
**(Unauthorized Deductions from Wages)**
**(Brought on behalf of Plaintiff and the SC Rule 23 Class)**

85. Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

86. Defendant is an "employer" as defined by the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10(1), because it employs individuals in the State of South Carolina.

87. Money received by Plaintiff and the SC Rule 23 Class Members, whether by way of pay checks or as tips, were 'wages" as defined by the SCPWA, § 41-10-10(2).

88. Defendant illegally deducted amounts from the wages of Plaintiff and the SC Rule 23 Class Members without providing proper written notice as required by SCPWA § 41-10-30(A).

89. Defendant's illegal deductions from the wages of Plaintiff and the Rule 23 Class Members were willful and were made in bad faith.

90. Pursuant to SCPWA § 41-10-8-(C), Plaintiff and the Rule 23 Class Members are entitled to recover in this action an amount equal to three (3) times the full amount of their wages that were illegally deducted from their pay, plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendant who are potential members of the collective action under the Fair Labor Standards Act;

b. A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage provisions of the FLSA, and has deprived Plaintiff and the FLSA Collective Members of their rights to such compensation;

c. An order requiring Defendant to provide a complete and accurate accounting of all the minimum wages and overtime wages to which Plaintiffs and the FLSA Collective Members are entitled;

d. An award of monetary damages to Plaintiffs and the FLSA Collective Members in the form of back pay for unpaid minimum wages due, together with liquidated damages in an equal amount;

  e.  Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws

  f.  Pre-judgment interest;

  g.  An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act suffered by the SC Rule 23 Class;

  h.  An award of monetary damages to Plaintiff and the members of the SC Rule 23 Class in the form of back pay for all unpaid wages due, together with treble damages pursuant to the South Carolina Payment of Wages Act;

  i.  Attorneys' fees and costs; and

  j.  Such further relief as the Court deems just and proper.

{*signature page follow*}

FALLS LEGAL, LLC

s/ J. Scott Falls
J. Scott Falls
Federal I.D. No. 10300
E-mail: scott@falls-legal.com
Ashley L. Falls
Federal I.D. No. 12083
E-mail: ashley@falls-legal.com
245 Seven Farms Drive, Suite 250
Charleston, South Carolina 29492
Telephone: (843) 737-6040
Facsimile: (843) 737-6140

WERMAN SALAS P.C.

Douglas M. Werman
IL Bar No.: 6204740
E-mail: dwerman@flsalaw.com
Zachary C. Flowerree
IL Bar No.: 6305935
E-mail: zflowerree@flsalaw.com
77 W. Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025
*Pro Hac Vice Forthcoming*

Counsel for Plaintiff

Charleston, South Carolina
January 24, 2017

# EXHIBIT 1

## Opt-In Form for Jennifer Hart

DocuSign Envelope ID: FF82026B-3144-487A-81F8-EBF4A8FDA56A

## CONSENT TO JOIN

   I agree to join the lawsuit *Hart v. Barbeque Integrated Inc. d/b/a Smokey Bones* to pursue owed wages under the Fair Labor Standards Act. I hereby designate Falls Legal, LLC and any associated attorneys to represent me and make decisions on my behalf concerning the litigation and any settlement.

Name: Jennifer Hart  (print your name)

Signature: *Jennifer Hart* (DocuSigned by: E7988950E4C7486...)

Date: 1/23/2017

**You may return this form by mail, email, or fax to:**

**Falls Legal, LLC**
**245 Seven Farms Drive, Suite 250**
**Charleston, SC 29492**
**Fax: 843-737-6160**
**info@falls-legal.com**