IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jennifer Hart, Deontae Hardee, Olivia Collazo, Brian Christman, Jennifer Vermette, and Sarah Miller, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>Barbeque Integrated, Inc. d/b/a Smokey Bones,<br><br>　　　　　　　Defendant. | )<br>)　C/A No. 2:17-cv-227-BHH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND APPROVAL OF SERVICE AWARDS**

This matter comes before the Court on Plaintiffs' Unopposed Motion for: (1) Certification of the Settlement Class and Final Approval of Class Action Settlement; (2) Approval of Attorneys' Fees and Reimbursement of Expenses; and (3) Approval of Service Awards (the "Motion"). Defendant does not oppose the Motion. Having reviewed the Motion and Plaintiffs' Memorandum of Law in Support thereof, the Settlement Agreement reached between the Parties, and the associated record, the Court finds and ORDERS as follows:

1.　Based upon the Court's review of the motions, memorandum, and other papers submitted in connection with the Final Approval Motion, the Court grants final approval of the Settlement Agreement. The terms of the Settlement Agreement, (ECF No. 183-2), are hereby incorporated by reference into this Order and Capitalized terms used in this Order shall have the

same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action pursuant to 28 U.S.C. § 1332(d), including all members of the Settlement Class, made up of five sub-classes, preliminarily certified for settlement purposes only, by Order dated April 24, 2019, (ECF No. 185.)

3. For settlement purposes, the Court finally certifies the following Settlement Class, made up of five sub-classes, (collectively, the "Settlement Class"), defined as follows:

   a. The "South Carolina Class" means all current and former Tipped Workers, other than Opt-in Plaintiffs, who performed work for Defendant in South Carolina at any time between January 24, 2014, and February 15, 2019.

   b. The "Florida Class" means all current and former Tipped Workers, other than Opt-in Plaintiffs, who performed work for Defendant in Florida between August 15, 2013, and February 15, 2019.

   c. The "Pennsylvania Class" means all current and former Tipped Workers, other than Opt-in Plaintiffs, who performed work for Defendant in Pennsylvania between August 15, 2015, and February 15, 2019.

   d. The "New York Class" means all current and former Tipped Workers, other than Opt-in Plaintiffs, who performed work for Defendant in New York between August 15, 2012, and February 15, 2019.

   e. The "Ohio Class" means all current and former Tipped Workers, other than Opt-in Plaintiffs, who performed work for Defendant in Ohio between August 15, 2015, and the February 15, 2019.

4. The Settlement Class meets all of the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). For the reasons set forth in Plaintiffs' Memorandum of Law, the Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class and collective certification for purposes of effectuating the settlement. The Court CERTIFIES the Settlement Classes under Rules 23(a) and 23(b)(3) for settlement purposes.

5. For the reasons stated on the record, the Court finds that the Settlement Agreement is fair, reasonable, adequate, and should be approved on a final basis.

6. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties, and is reached following extensive litigation and after Plaintiffs' Counsel and Defendant's Counsel fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of a neutral mediator supports the Court's finding that the settlement is not collusive. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of settlement approval.

7. The Court finds that there were no written objections to the Settlement. The Court finds that the Notice of Class Action Settlement provided to the Class Members satisfied the requirements of Rules 23(c)(2)(B) and 23(e)(1) and provided adequate, due, sufficient, and valid notice of the Settlement.

8. The Court finds that the parties' dissemination of the Notice of Class Action Settlement to the Class Members via First Class United States Mail to the last known address of each Class Member was in accordance with the Settlement Agreement. The Court finds that the procedures for notifying the Class Members about the settlement constituted the best notice practicable under the circumstances and that the procedures for notifying the Class Members and processing the claims and requests for exclusion submitted by Class Members were fair, adequate, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Notice of Class Action Settlement to the Class Members and procedures provided in the Settlement Agreement and followed by the Parties provided adequate, due, sufficient, and valid notice of the settlement.

9. The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the notice and claims provisions, the plan of allocation, and the release of claims.  Based on its review of the Settlement Agreement, Plaintiffs' Memorandum of Law, and the Court's familiarity with this case, the Court grants final approval of the Settlement Agreement, the Class Action Settlement, and the FLSA Settlement.

10. The Court approves Class Counsel's request for attorneys' fees in the amount of $900,000 and costs in the amount of $42,752.76, as set forth in Section IV(11)(a) of the Settlement Agreement.

11. The Court approves the Service Awards to the Named Plaintiffs and other identified individuals in the amounts and according to the terms set forth in Section IV(11)(e) of the Settlement Agreement.

12. Named Plaintiffs, Opt-in Plaintiffs, and all Class Members who did not timely submit valid Requests for Exclusion, and anyone acting on any of their behalves, are barred and enjoined from:  (a) further litigation in this case; and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate on an individual or class or collective action basis any action, claim, or proceeding asserting any of the claims released in the Settlement Agreement against any of the Released Parties, or in any way preventing any such claims from being extinguished.

13. As of the Effective Date, each and every claim released in the Settlement Agreement by each of the Named Plaintiffs, Opt-in Plaintiffs, and Class Members who did not timely submit valid Requests for Exclusion are now deemed to be conclusively and forever released as against the Released Parties.  As of the Effective Date, all Class Members who did not timely submit valid Requests for Exclusion are hereby forever barred and enjoined from

prosecuting the claims released in the Settlement Agreement.

14. All Class Members who did not opt out of the Settlement by submitting a timely Request for Exclusion are bound by all determinations and judgments in the Class Action Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class or Class Member.

15. To receive a Settlement Payment under the Settlement, a Class Member must have materially completed, executed, and mailed the Claim Form to the Claims Administrator no later than the Claim Deadline as specified in the Settlement Agreement. Any Class Member who did not submit a timely and materially complete and executed Claim Form may not receive a Settlement Payment.

16. The Claims Administrator shall distribute the Settlement Payments, the Service Awards, and Class Counsel's Fees and Costs in accordance with the terms of the Settlement Agreement. As provided in the Settlement Agreement, within twenty-one (21) calendar days of the Effective Date, the Settlement Administrator shall mail to each Claimant and each Opt-In Plaintiff to his or her last-known address reflected in the Report, a check or checks representing his or her net Settlement Payment. The allocated amounts for Class Members who did not submit a valid claim form by the Claim Deadline or who submitted a timely and valid Request for Exclusion remain the property of Defendant. Funds from settlement checks that are not cashed within 180 days from the date the Settlement Administrator issues checks to Claimants and Opt-in Plaintiffs shall be returned by the Settlement Administrator to Defendant.

17. This case is dismissed with prejudice. The Court shall retain continuing jurisdiction to enforce the terms of the Settlement Agreement. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement. The Court expressly retains jurisdiction in

order to enter such further orders as may be necessary or appropriate to enforce the terms and provisions of the Settlement Agreement.

      18.    The Court grants the Motion, (ECF No. 189), and grants final approval of the Settlement and of the terms set forth therein. The Parties shall abide by all terms of the Settlement Agreement.

IT IS SO ORDERED.


September 19, 2019                        /s/Bruce H. Hendricks
Charleston, South Carolina          Hon. Bruce Howe Hendricks
                                          United States District Judge